IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-CR-00023-M-3
Case No. 7:22-CV-00062-M

ETHAN GABRIEL AUTRY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on the United States' motion to dismiss Petitioner's Section 2255 petition to vacate, set aside, or correct his sentence [DE 268]. The court finds that the petition, the United States' motion, and the record in this case conclusively show that Petitioner is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' motion to dismiss is granted and the petition is denied.

**I.   Background and Procedural History**

Petitioner was named in a multi-count, multi-defendant indictment and, as relevant here, charged in Count One with Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1), 1201(g), and 2. DE 1. The Indictment charged that Petitioner, "in committing and in furtherance of the commission of the offense used cellular phones, a means, facility, and instrumentality of interstate or foreign commerce." DE 1 at 1-2. Petitioner pled guilty to Count One of the Indictment. DE 110. He was subsequently sentenced to 274 months in custody. DE 216; DE 224 at 2.

1

Petitioner now collaterally attacks his sentence on the grounds that his "[t]rial counsel provided ineffective assistance for his failure to challenge the jurisdiction of the federal court to charge a violation of [the federal kidnapping statute]." DE 259 at 3. Specifically, Petitioner contends that his counsel "should have challenged the jurisdiction of the federal court to charge and try Petitioner," because "the Government sought to manufacture jurisdiction for prosecution by alleging" that Petitioner used "cellular phones, a means, facility, and instrumentality of interstate . . . commerce," when the foregoing "language is not included in the elements that must be proven for a violation of [the federal kidnapping statute]." *Id.* at 10, 11. According to Petitioner, counsel's failure to consider and raise a jurisdictional challenge to his kidnapping prosecution constitutes ineffective assistance of counsel in violation of the Sixth Amendment because, had counsel raised such a challenge, "the indictment for Count One would have been dismissed for lack of jurisdiction." *Id.* at 13.

The United States then filed the motion to dismiss (and memorandum in support), in which it argued that the federal kidnapping statute was amended in 2006 to cover offenders who "use[] the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." DE 269 at 1-2 (citing 18 U.S.C. § 1201(a)(1)). Because Petitioner admitted use of cellular phones, the United States contends he fell within the jurisdictional scope of the statute. *See id.* Thus, the United States asserts Petitioner's jurisdictional argument lacks merit, and likewise asserts that Petitioner did not receive constitutionally deficient assistance of counsel when Petitioner's counsel did not raise such an argument. *Id.* at 3.

After the United States filed its motion to dismiss, Petitioner received a letter from the Clerk of Court, advising him that he "must respond to [the] motion [to dismiss] within twenty-one (21) days of the date of service of the motion." DE 270 at 1. The letter specifically cautioned

2

Petitioner that "[i]f [he] fail[s] to respond, the Court may grant the motion and [his] case will be dismissed." *Id.* Despite that warning, Petitioner did not respond. *See* Docket Entries dated July 22, 2022, to present.

## II. Analysis

Section 2255 provides that habeas relief should be awarded when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has shown this, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009).

A claim for ineffective assistance of counsel requires a showing of both "deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Deficient performance means that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Discerning this objective standard entails consideration of "professional norms." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023).

3

Prejudice is shown if, but for the deficient performance, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Given the nuance involved in pretrial negotiations, courts strictly apply the *Strickland* standard when evaluating claims for ineffective assistance of counsel at the plea-bargaining stage, and properly exercise their "limited role" with "judicial caution." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

In consideration of those principles, Petitioner's claim of ineffective assistance of counsel fails as a matter of law. To start, Petitioner's jurisdictional argument is negated by the express terms of the federal kidnapping statute, which covers offenses in which individuals "use[] . . . any . . . instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). "Congress is empowered to regulate . . . the instrumentalities of interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558 (1995). Use of a cellular phone constitutes use of an instrumentality of interstate commerce. *See United States v. Morgan*, 748 F.3d 1024, 1031 (10th Cir. 2014) (rejecting constitutional challenge to federal kidnapping statute where defendants used cellular phones in furtherance of kidnapping); *see also United States v. McKinley*, 647 F. App'x 957, 961 (11th Cir. 2016) (rejecting similar constitutional challenge while observing that "the [] statute contains an express jurisdictional element that ensures that the statute only reaches kidnapping furthered by the instrumentalities of interstate commerce"). Petitioner's citation to *DeSilva v. DiLeonardi*, 125 F.3d 1110 (7th Cir. 1997), a case from 1997, for the elements of the crime is no longer apposite in light of the 2006 amendment.

The Indictment charged that Petitioner, in furtherance of the kidnapping, "used cellular phones." DE 1 at 1. Petitioner (then-Defendant) pled guilty to Count One as charged. DE 110. His guilty plea "constitutes an admission of all material facts alleged in the charge," *United States*

4

*v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993), including use of cellular phones. Because Petitioner admitted use of cellular phones, and cellular phones are instrumentalities of interstate commerce (which Congress may regulate), his jurisdictional challenge to the federal kidnapping statute falls short.

Consequently, Petitioner did not receive ineffective assistance of counsel "because counsel is not deficient in failing to raise a meritless argument." *Marsh v. United States*, Nos. 7:12-CR-138, 7:14-CV-131, 2015 WL 13735426, at *4 (E.D.N.C. Oct. 28, 2015), *recommendation adopted*, 2016 WL 591767 (E.D.N.C. Feb. 12, 2016); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that attorneys are "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel"); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel"). Put another way, "[a]n attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In that regard, Petitioner's claim fails both prongs of *Strickland*. Failing to raise a losing argument does not fall below an objective standard of reasonableness. And, even if Petitioner's counsel had raised such an argument, the outcome of Petitioner's proceeding would have been no different. Accordingly, Petitioner did not receive ineffective assistance of counsel. In other words, the United States has "conclusively show[n] that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). The court further finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, 580 U.S. 100, 122 (2017); *Miller-El v.*

5

*Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court therefore denies a certificate of appealability.

**III. Conclusion**

Petitioner's claim of ineffective assistance of counsel fails as a matter of law. The court thus GRANTS the United States' motion to dismiss [DE 268], DENIES Petitioner's Section 2255 petition [DE 259], and DENIES a certificate of appealability.

SO ORDERED this 10Th day of October, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE